23CA1607 Peo v Al-Siddiq 10-24-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA1607
City and County of Denver District Court No. 12CR2962
Honorable A. Bruce Jones, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Chappell Rafiq-Abdul Al-Siddiq,

Defendant-Appellant.

---

ORDER AFFIRMED

Division VII
Opinion by JUDGE PAWAR
Tow and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 24, 2024

---

Philip J. Weiser, Attorney General, John T. Lee, First Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Chappell Rafiq-Abdul Al-Siddiq, Pro Se

¶ 1     Defendant, Chappell Rafiq-Abdul Al-Siddiq, appeals the postconviction court's order denying, without a hearing, his second motion for postconviction relief.  We affirm.

## I.     Background

¶ 2     Al-Siddiq was accused of sexually assaulting his girlfriend's twelve-year-old daughter in two separate incidents on the same night.  One of the incidents occurred in the living room and the other occurred in the bathroom.  For the living room incident, Al-Siddiq was charged with sexual assault on a child and sexual assault on a child — position of trust.  For the bathroom incident, he was charged with unlawful sexual contact.  The jury found him guilty of all three counts and the trial court merged the sexual assault counts.

¶ 3     Al-Siddiq was also charged with habitual criminal counts.  After a hearing on those counts, the trial court determined that the prosecution proved that Al-Siddiq had three previous felony convictions.  It therefore sentenced him to four times the maximum of the presumptive range for the triggering offenses under section 18-1.3-801(2)(a)(I)(A), C.R.S. 2024.  The resulting sentences were forty-eight years to life for sexual assault on a child — position of

trust and twenty-four years to life for unlawful sexual contact. The trial court imposed those sentences consecutively, resulting in a total sentence of seventy-two years to life.

¶ 4 Al-Siddiq directly appealed, challenging his conviction and sentence. A division of this court affirmed. *People v. Al-Siddiq,* (Colo. App. No. 14CA2339, Sept. 28, 2017) (not published pursuant to C.A.R. 35(e)).

¶ 5 Al-Siddiq then filed a Crim. P. 35(c) motion alleging ineffective assistance of trial counsel, which the postconviction court denied. He appealed that ruling and another division of this court affirmed. *People v. Al-Siddiq,* (Colo. App. No. 21CA1219, Dec. 29, 2022) (not published pursuant to C.A.R. 35(e)).

¶ 6 In August 2023, Al-Siddiq filed the pro se postconviction motion that gave rise to this appeal. In it, he raised numerous challenges to his sentence. The postconviction court denied the motion without a hearing and Al-Siddiq appeals.

## II. Al-Siddiq's Postconviction Claims

¶ 7 The claims at issue in this appeal are all challenges to Al-Siddiq's sentence. Some are arguments that the sentence was illegal because it violated the relevant sentencing statutes. Others

2

are arguments that the sentence was imposed in an illegal manner or in violation of the law.

¶ 8 Arguments that a sentence was illegal because it was not authorized by statute may be raised at any time — they are not subject to denial simply because they are successive or late. Crim. P. 35(a).

¶ 9 On the other hand, all other challenges to a sentence are subject to various timeliness and successiveness bars. *See* Crim. P. 35(b), (c); § 16-5-402, C.R.S. 2024; *People v. Barton*, 174 P.3d 786, 789 (Colo. 2008). Illegal manner arguments must be raised within 126 days of the sentence being imposed or affirmed on appeal. Crim. P. 35(a), (b). And courts must deny as successive an argument that a sentence was imposed in violation of the law if it could have been presented in a prior direct appeal or prior postconviction proceeding. Crim. P. 35(c)(3)(VII).

¶ 10 Al-Siddiq filed his second postconviction motion almost six years after his conviction and sentence were affirmed on direct appeal. It was also filed after the denial of his first postconviction motion was affirmed on appeal. In other words, the postconviction motion in this appeal was filed (1) more than 126 days after the

sentence was affirmed on appeal and (2) after his direct appeal and first postconviction motion in which Al-Siddiq could have challenged his sentence.

¶ 11    Consequently, all of Al-Siddiq's arguments that his sentence was imposed in an illegal manner or in violation of the law are either time-barred or successive.  We will therefore not consider his contentions that (1) his sentence was constitutionally disproportionate; (2) there was insufficient evidence to support the habitual criminal convictions; (3) his habitual counts should have been resolved by the jury, not the court; (4) his habitual criminal convictions violated his right to equal protection and to be free from double jeopardy; (5) the absence of a presentence investigation prior to sentencing rendered his sentence void; and (6) the trial court erred by amending the mittimus without providing him proper notice.

¶ 12    Al-Siddiq's remaining arguments challenge the legality of his sentence in that they assert that his sentence was not authorized by law.  These arguments are properly before us and we will address their merits.  We review de novo whether Al-Siddiq's

sentence was authorized by the relevant sentencing statutes. *See People v. Jenkins*, 2013 COA 76, ¶ 11.

¶ 13 Al-Siddiq argues that he could not have been sentenced to consecutive indeterminate terms at four times the maximum of the triggering offenses because (1) his triggering offenses were not crimes of violence; (2) he was not designated a sexually violent predator (SVP); (3) the position of trust element is not an "aggravating factor"; and (4) his two triggering offenses were not separate acts and therefore should have precipitated concurrent sentences. We disagree.

¶ 14 Al-Siddiq was sentenced under section 18-1.3-801(2)(a). This section provides that every person convicted of "any felony" in Colorado must be sentenced to four times the maximum of the presumptive range for that triggering felony if they have been previously convicted of three other felonies that arose out of separate and distinct criminal episodes and were separately brought and tried. § 18-1.3-801(2)(a)(I)(A).

¶ 15 Al-Siddiq's triggering offenses (sexual assault on a child — position of trust and unlawful sexual contact) were felonies. And the prosecution proved that he was previously convicted of three

5

other felonies that arose out of separate and distinct criminal episodes and were separately brought and tried. Accordingly, he was subject to a sentence of four times the maximum of the presumptive range for the triggering offenses.

¶ 16 The maximum of the presumptive range for sexual assault on a child — position of trust was twelve years to life. §§ 18-1.3-401(1)(a)(V)(A), 1004(1)(a), C.R.S. 2024. And the maximum of the presumptive range for unlawful sexual contact was six years to life. Because both maximum sentences for the triggering offenses were indeterminate, Al-Siddiq's habitual criminal sentences were also indeterminate: forty-eight years to life for sexual assault — position of trust and twenty-four years to life for unlawful sexual contact. These sentences were required by statute regardless of whether (1) his triggering offenses were crimes of violence, (2) the position-of-trust element was an aggravating factor, or (3) he was designated an SVP.

¶ 17 We also disagree with Al-Siddiq's argument that running the sentences consecutively was prohibited. Generally, when a defendant is convicted of multiple offenses the sentencing court has discretion whether to run the sentences concurrently or

consecutively. *See Juhl v. People*, 172 P.3d 896, 899 (Colo. 2007). The court is stripped of that discretion, however, if multiple offenses involve a single victim and are supported by identical evidence — only then must sentences for those offenses be concurrent. *Id.*

¶ 18     Here, the two triggering offenses occurred on the same night but were not supported by identical evidence. One was based on conduct that occurred in the living room and the other was based on conduct that occurred in the bathroom. Therefore, the relevant sentencing statutes did not require the trial court to impose concurrent sentences and the consecutive sentences were legal.

### III.   Disposition

¶ 19     The postconviction court's order is affirmed.

JUDGE TOW and JUDGE SCHUTZ concur.